## RANDOLPH *vs.* THE STATE.

Upon examination of the record in this cause, the Court were unable to find any error therein.

ERROR to Circuit Court of Clay county.

REID, *for Plaintiff in Error.*

### POINTS AND AUTHORITIES.

1. That the Circuit Court of Clay county erred in taking and entertaining jursidiction of the said cause, because the same was not properly certified to said Clay Circuit Court from the Circuit Court of Clinton county, as required by law

upon a change of venue.—Digest of 1835, p. 787; *Ibid.*, p. 614; 3 Mo. Rep., 147, Jim, a slave, *vs.* State; 5 Mo. Rep., 538, Porter *vs.* State.

2. That the Clay Circuit Court erred in overruling the demurrer of the plaintiff in error to the *scire facias* in said cause.

Kirtley, *for Plaintiff in Error.*

The only question growing out of the record in this cause is, the sufficiency of the *scire facias* and the question on the demurrer, which it is insisted was improperly decided in the Circuit Court.

Dunn, *Circuit Attorney, for The State.*

1. That there having been no objection taken to the jurisdiction of the Circuit Court, in that court, the want of jurisdiction cannot be assigned for error.

2. The court committed no error in ruling the demurrer of the defendants to the *scire facias*, and giving judgment for the State.

Tompkins, *Judge, delivered the opinion of the Court.*

This is a proceeding by *scire facias.* The record shows, that Cyrus Hubbard, a justice of the peace of Clinton county, on the 11th December, 1840, filed in the office of the clerk of the Circuit Court of that county, the recognizance of Daniel H. Hubbard and others, conditioned that they should appear in the Circuit Court of said county on the first day of the term thereof then next, &c. They failing to appear, according to the condition, their recognizance was forfeited. The entry is thus, in substance: "It is ordered that the recognizance be forfeited, and that a *scire facias* issue, &c.

It is further stated on the record, that the parties appeared at the return term of the writ of *scire facias*, and demurred to the writ, and that the judge of the court having been of counsel in the cause, it is ordered that the venue thereof be changed to the county of Clay, and then the clerk of the court makes the usual certificate, that the transcript of the record is full and perfect.

In the Circuit Court of Clay county the demurrer was overruled, and judgment entered up for the State; to reverse which this writ of error is prosecuted.

It is insisted by Mr. Kirtley, for the plaintiff, that—

1. The judgment is for the wrong party.

2. The Circuit Court erred in taking jurisdiction of the cause.

3. The Circuit Court erred in overruling the defendant's demurrer.

The counsel not having pointed out any particular error, nor shown any reason why his demurrer should be sustained, I have read over the record, and found none. On examination of the statute laws, I find it provided, that "When any indictment or criminal prosecution shall be pending in any Circuit Court, and the judge is in anywise interested, or shall have been counsel in the cause, such cause may be removed by order of the court to some county in another circuit.—

Section 15 of the 5th article of the act to regulate practice in criminal proce, dings, p. 486 of the Digest of 1835.

The cause, then, was one which the law authorized to be removed, and no clerical error having been pointed out or perceived, the judgment of the Circuit Court must be affirmed.